**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|   |   |   |
|---|---|---|
| CHAZ O. GULLEY, | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-962 (MPS) |
| | : | |
| v. | : | |
| | : | |
| CAPTAIN HALL, et al., | : | |
| Defendants. | : | JUNE 29, 2015 |
| | : | |

**INITIAL REVIEW ORDER**

The plaintiff, Chaz O. Gulley, currently incarcerated at the MacDougall-Walker

Correctional Institution in Suffield, Connecticut, has filed a complaint *pro se* under section 1983

of title 42 of the United States Code.  The complaint was received by the court on June 23, 2015,

and the plaintiff's motion to proceed *in forma pauperis* was granted on June 25, 2015.  The

plaintiff names five defendants, Captain Hall, Correctional Treatment Officer Perry, Lieutenant

Ogando, Lieutenant Mahoney, and Nurse Rose Walker.  All defendants are named in their

individual capacities only.  The plaintiff contends that the defendants used excessive force

against him.

Under section 1915A of title 28 of the United States Code, the court must review prisoner

civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails

to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the

truth of the allegations, and interpret them liberally to "raise the strongest arguments [they]

suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of

the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.    <u>Allegations</u>

On May 5, 2015, under instructions from defendant Captain Hall, correctional officers removed numerous personal items and all sheets and blankets from the plaintiff's cell. When the plaintiff complained to defendant Perry, she instructed him to speak to defendant Hall. The plaintiff spoke with several unnamed supervisors and submitted a written complaint with no results. He then covered his cell window to get the attention of a supervisor.

Defendant Mahoney deployed a chemical agent into the plaintiff's cell. The plaintiff was then handcuffed and taken to segregation where he was restrained on in-cell restraint status for 24 hours. Defendant Ogando would not correct the situation and deployed a chemical agent into the plaintiff's cell while he was on in-cell restraint status. Defendant Ogando then escorted the plaintiff to the medical unit where he was held in 4-point therapeutic restraints.

Defendant Ogando instructed staff to apply the restraints too tightly. When a nurse complained, defendant Ogando consulted defendant Nurse Walker who agreed that the restraints were not too tight. The plaintiff remained in 4-point restraints from 3:00 p.m. until 11:00 p.m., at which time he was downgraded to in-cell restraints. The plaintiff remained in the medical unit

for three days.  He experienced pain and numbness in his wrists and ankles.

On May 11, 2015, defendant Mahoney told the plaintiff that he was going to "set him up" by stating that the plaintiff was banging his head against the wall.  This would enable defendant Mahoney to deploy a chemical agent in the plaintiff's face.  Defendant Mahoney carried through with his threat and then confined the plaintiff to his bed with 4-point restraints.

II.     Analysis

The plaintiff included specific allegations against defendants Mahoney, Ogando, and Walker relating to his claim for use of excessive force. The claim will proceed against them.

The plaintiff alleges that defendant Hall ordered personal items and bedding removed from the plaintiff's cell.  When he attempted to address the removal of items with her, defendant Perry referred him to defendant Hall and stated that she did not care about his issue.  Defendants Hall and Perry were not involved in the use of excessive force.  The only claim against them would be for subjecting the plaintiff to unconstitutional conditions of confinement as a result of the deprivation of personal property and bedding.

To state an Eighth Amendment claim for unconstitutional conditions of confinement, an inmate must allege facts demonstrating the failure of prison officials to provide for inmates' "basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989).  The courts should not, however, infer a constitutional violation whenever prisoners are inconvenienced or suffer only *de minimis* injuries.  *See Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) (noting that a *de minimis* level of imposition does not constitute a constitutional violation).

An inmate may prevail on an Eighth Amendment unconstitutional conditions claim "only

where he proves both an objective element—that the prison officials' transgression was

'sufficiently serious'—and a subjective element—that the officials acted, or omitted to act with a

'sufficiently culpable state of mind,' *i.e.*, with 'deliberate indifference to inmate health or

safety.'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Farmer v. Brennan*, 511

U.S. 825, 834 (1994)).  The objective element is satisfied where the inmate shows that his

confinement under the alleged conditions violates contemporary standards of decency.  The

subjective element requires the inmate to show that the correctional officials were aware of and

disregarded a substantial risk of serious harm.  *See id.* at 185-86.  The defendants "must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and … also draw that inference." *Farmer*, 511 U.S. at 837.

The initial deprivation occurred on May 5, 2015.  The plaintiff alleges that after he was

confined in segregation, he was in the medical unit for three days prior to defendant Mahoney's

May 11, 2015, threat.  Thus, the plaintiff was confined in his cell and deprived of his bedding

and personal property for, at most, four days.  The plaintiff alleges no injury suffered as a result

of this deprivation.  Although his sheets and blanket were taken, he retained his mattress.

The denial of sheets and blanket for four days in May does not violate contemporary

standards of decency.  *See, e.g., Jackson v. DeTella*, 998 F. Supp. 901, 915 *N.D. Ill. 1998)

(eight-day deprivation of hygiene items and bedding not unconstitutional).  The plaintiff

provides little information regarding the circumstances of the removal of his personal property.

He fails to identify the property or demonstrate any injury from its removal.  "There is no

constitutional right prohibiting prison officials from confiscating a prisoner's personal property."

*Jackson v. Federal Bureau of Prisons*, No. 93 CIV. 1444(MBM), 1994 WL 282086, at *2

4

(S.D.N.Y. June 22, 1994) (internal quotation marks and citation omitted).  Resulting discomfort

or inconvenience for a short period is insufficient to support an Eighth Amendment claim. *See*

*Barrow v. Buren*, No. 9:12-cv-01268(MAD/CFH), 2015 WL 417084, at *15 (N.D.N.Y. Jan. 30,

2015).  The Court concludes that the complaint fails to allege facts sufficient to support is a

claim against defendants Hall and Perry.

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)      The claims against defendants Hall and Perry are **DISMISSED** pursuant to 28

U.S.C. § 1915A(b)(1).  The case will proceed on the claim for use of excessive force against

defendants Mahoney, Ogando, and Walker.

(2)      **The Clerk shall** verify the current work address of defendants Mahoney, Ogando,

and Walker with the Department of Correction Office of Legal Affairs, and mail a waiver of

service of process request packet to each defendant at the confirmed address within **twenty-one

(21) days** from the date of this Order.  The Clerk shall report to the court on the status of that

waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the

waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals

Service on the defendant in his individual capacity and the defendant shall be required to pay the

costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)      **The Clerk shall** send a courtesy copy of the Complaint and this Order to the

Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)      The defendants shall file their response to the Complaint, either an answer or

motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose

to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

      (5)    Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

      (6)    All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

      (7)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

      (8)    If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

      **SO ORDERED** this 29th day of June 2015 at Hartford, Connecticut.

          /s/
_____
          Michael P. Shea
          United States District Judge